JAMES C. AND GERTRUDE E. MORANT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morant v. Commissioner
Docket No. 27610-83.
United States Tax Court
T.C. Memo 1985-15; 1985 Tax Ct. Memo LEXIS 620; 49 T.C.M. (CCH) 488; T.C.M. (RIA) 85015; January 9, 1985. James C. Morant, pro se. Arlene A. Blume, for the respondent. COHEN MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $3,098 in petitioners' Federal income taxes for 1980. After concessions, the issues remaining for decision are petitioners' claimed deductions for home office expenses and automobile expenses and adjustment of erroneously reported business income. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated herein by this reference. Petitioners were residents of Baltimore, Maryland, at the time they filed their petition herein. They timely filed a joint individual income tax return for 1980. During the year 1980, petitioner James C. Morant (petitioner) was employed by Westinghouse Electric Corporation at a facility known as the Specialty Electronics Assembly Plant in Baltimore.Petitioner was the manager of quality assurance responsible for directing and controlling all aspects of test *622 and quality control for products manufactured at the plant to insure compliance with military and contractual specifications. He earned $29,199 during 1980. The normal shift hours of operation at petitioner's place of work were 7:00 a.m. to 3:30 p.m. Although petitioner was not required to, he sometimes took work home with him from the employer's place of business.Prior to 1980, petitioner performed his after hours work at home. Sometime prior to 1980, petitioner became aware of section 280A [1], which precluded petitioner's deduction of "home office" expenses in relation to the work done in his home. In relation to his work at Westinghouse, petitioner sometimes traveled between various Westinghouse facilities. He did not, however, keep a record of his business mileage, and he did not seek reimbursement of his travel expenses from his employer. During 1980, petitioner occasionally helped friends install and/or repair audio and visual equipment. He was not paid for this assistance. In early 1980, petitioner commenced *623 occupancy, maintenance, and repair of a two-story storefront with three rooms on the first floor and three rooms on the second floor located on Pennsylvania Avenue in Baltimore (the Pennsylvania Avenue property). That property had been acquired by petitioner's brother in 1970. Petitioner's main intent with respect to occupancy of the property was to secure deductions for "home office" expenses under the exception set forth in section 280A(c)(1)(C) for separate structures not attached to a dwelling unit. [2] Beginning on February 5, 1980, petitioner made regular monthly payments of $75 per month on the mortgage loan previously created by his brother on the Pennsylvania Avenue property. During that year, he paid $269 for real property taxes and $845 for ground rent and utilities related to the Pennsylvania Avenue property. Subsequent to his original occupancy, petitioner also made substantial repairs and improvements to the Pennsylvania Avenue property. He did not, however, maintain records of the dates or costs of such repairs. On April 8, 1982, during the course of an audit of petitioner's 1980 tax return, petitioner's brother executed and delivered to petitioner a deed *624 to the Pennsylvania Avenue property. When he prepared his income tax return for 1980, petitioner prepared and attached to the return a Schedule C relating to a business purportedly conducted under the name Audio-Visual Quality Systems, Ltd., and engaged in the installation and service of electronics systems. On that Schedule C, petitioner reported gross receipts of $5,246, costs of goods sold of $4,992, other expenses of $2,195, and a net loss of $1,941; petitioner offset this net loss against his other income. Among the "other expenses" listed on the Schedule C was an "audio-visual-display system," which was in fact a radio and a television. On his return, petitioner also claimed employee business auto expense of $2,674, based on 9,836 miles allegedly traveled in relation to his Westinghouse employment. In the notice of deficiency, respondent disallowed for lack of substantiation of payment or purpose the deductions claimed on the Schedule C for costs of goods sold and *625 other expenses and also disallowed the auto expenses claimed by petitioner. No adjustment was made with respect to the gross receipts reported by petitioner on the Schedule C. Respondent also made other adjustments that have now been settled. On or about February 22, 1984, after this case was at issue, petitioner prepared a revised Form 1040 for 1980 that did not include a Schedule C. Rather, by supplements to Schedule A of that form, petitioner set forth "reconstructed" home office expenses and automobile expenses. The first such supplement was a schedule or purported home office expenses, including depreciation on certain personal property not previously reported, totaling $4,104. The schedule of automobile expenses claimed a total of 5,652 business miles and a deduction of $1,130. Except for the amounts of expenditures now stipulated to by respondent, none of the expenses listed on the revised schedules have been substantiated by records or other corroboration of petitioner's claims. OPINION Petitioner had the burden of proving that respondent's determination in the notice of deficiency is incorrect and that he is entitled to the deductions that he claims. Welch v. Helvering,290 U.S. 111 (1933); *626 New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a), Tax Court Rules of Practice and Procedure. Deductibility under section 162(a) is dependent upon the taxpayer's establishing that the claimed expense is "normal, usual, or customary" in his trade or business and reasonable in relation to its purpose. Deputy v. du Pont,308 U.S. 488, 495 (1940); United States v. Haskel Engineering & Supply Co.,380 F.2d 786, 788-789 (9th Cir. 1967); Boser v. Commissioner,77 T.C. 1124, 1132-1133 (1981), affd. without published opinion (9th Cir., Dec. 22, 1983). Petitioner testified at length about the importance of his work for Westinghouse and of his use of the Pennsylvania Avenue property as a place for performing work done after the normal business hours of Westinghouse. He also testified that he used his automobile to go to various other Westinghouse facilities and that he did not claim reimbursement from Westinghouse because he did not believe that Westinghouse would reimburse him. He offers only his own uncorroborated testimony that he incurred the expenses in relation to the Pennsylvania Avenue *627 property and automobile mileage set forth on his revised Form 1040.He denies that he had any income from an electronics systems installation and service business and asserts that the amount shown as gross receipts from such business ($5,246) was not income to him but was a portion of his salary earned at Westinghouse and elsewhere reported on his original 1980 return. Respondent called as a witness the plant manager of the Westinghouse facility that was petitioner's place of employment, who testified that petitioner had access to the plant for after hours work if necessary and that Westinghouse had a system for reimbursing employees who used their cars for business. Respondent contends that petitioner is therefore not entitled to any of the claimed deductions. Respondent further contends that the statement of gross receipts of $5,246 on the original tax return should be regarded as an admission of petitioner, who testified that he occasionally repaired or installed electronic systems for friends.Respondent, understandably, argues that we should not believe petitioner's present denials because he has admitted prior falsehoods. Indeed, the reliability of petitioner's *628 testimony must be viewed with due regard to the following passage from it: Q. Mr. Morant, $5246 is a rather unusual figure. Can you tell me where you derived that figure. A. I cannot compute it for you. I did not beyond what I just said and have stipulated prior meetings, it's still the same. If there were a formula or some other place to get it for you, I can go back and derive it. But I said it was an estimate, and that's what it was. Q. So that you pulled that figure out of the air, you really had no such receipts, you never really had an audio-visual quality systems business, you really never installed and serviced electronic systems? A. That is correct. Q. And that this Schedule C -- A. Should not have been documented, yes. Q. -- is a complete and total lie? A. It is a misrepresentation of the home office is what it is. Q. Mr. Morant, do you have any records or calendars which you maintained in 1980 to show your business mileage? A. I do not. (No additions to tax were determined in the notice of deficiency, and respondent at no time sought additions to tax in the manner permitted by statute and our rules; there is, therefore, no issue *629 as to negligence or fraud. Such fictitious entries on a tax return might well support a timely determined addition to tax for fraud.) Nonetheless, we do not believe that petitioner had income of $5,246 from any business aside from his employment by Westinghouse. The Schedule C apparently resulted from his misunderstanding of the facts that would be necessary to establish deductibility of expenses incurred by him in setting up a place where he might perform after hours business-related tasks. The fictitious business was an elaborate device intended to deal with provisions of section 280A, as those provisions were misunderstood by petitioner. Section 280A, of course, is not relevant to the facts of this case because the items claimed by petitioner were not attributable to a dwelling unit used by the taxpayer as a residence.The general limitation on deduction of home office expenses does not apply to items allocable to a separate structure "not attached to the dwelling unit, in connection with the taxpayer's trade or business." Section 280A(c)(1)(C). The apparent reason for petitioner's false attribution of a portion of his Westinghouse salary to the fictitious business is the *630 special rule in section 290A(c)(5) that any deductions otherwise allowable may not exceed the gross income derived from certain permissible uses of the property. Petitioner's denial that he received business income is consistent with the balance of the record. There is no evidence that he received any income from performing repair services for friends or other persons. Falsely claiming that he received gross receipts did not result in a duplication of income included on his return from his Westinghouse salary, because the gross business income reported on Schedule C after reduction for the fictitious costs of goods sold was only $254, which was more than offset by the claimed additional business expenses. Petitioner's burden on the remaining issues is to show that the expenses he claims were incurred and that they were ordinary and necessary expenses deductible under section 162(a). He has not done so. Although the totality of the circumstances corroborates his denial of additional income, notwithstanding the admission on the return originally filed by him, nothing in the record justifies the conclusion that he in fact spent the amounts claimed beyond those stipulated *631 to by respondent. Nor does the evidence as a whole justify a conclusion that the amounts spent with respect to the Pennsylvania Avenue property were ordinary and necessary or were reasonable in amount in relation to the business purpose claimed. Petitioner testified that he spent a substantial amount of time at the Pennsylvania Avenue property working on repairs to the property and on other matters not connected to his employment at Westinghouse. Both petitioner and the plant manager testified that petitioner could have performed all of his employment-related services at the Westinghouse plant. Thus, regardless of credibility, the evidence does not support a finding that the expenses of the Pennsylvania Avenue property or of the personal property located there were ordinary or necessary expenses of petitioner's employement. [3]
*632 Although local business mileage of an employee is not subject to the stringent substantiation requirements of section 274, to be entitled to a deduction for such expenses petitioner must provide the Court with an adequate basis for determining the amount of business mileage actually incurred. Petitioner has not done so here. Moreover, petitioner has not persuaded us that he would not have been reimbursed by Westinghouse if he had sought reimbursement, and reimbursable expenses are not deductible by an employee. Stolk v. Commissioner,40 T.C. 345, 356 (1963), affd. per curiam 326 F.2d 760 (2d Cir. 1964).Under the circumstances of this case, we cannot accept his uncorroborated and general assertions of deductible expenses. Because of respondent's concessions in the stipulation, a recomputation will be necessary. That recomputation should reduce the income determined in the notice of deficiency by $5,246, as the fictitious gross receipts reported on petitioner's original Schedule C. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. We are here stating only petitioner's understanding of the effect of section 280A and not commenting on the correctness of that understanding, which is discussed in the opinion, infra.↩
3. Petitioner has not claimed that the real property taxes and mortgage interest payments made by him were deductible under sections 164 and 163, respectively. He has not shown that they were his obligations during the year in issue. Although he claims that he assumed ownership of the building in 1980, he presented no persuasive evidence of actual change of ownership prior to the execution of the deed in 1982. This alternative theory of deductibility, therefore, is not now available to him.↩